IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NU-WEST MINING, INC. and<br>NU-WEST INDUSTRIES, INC.,<br><br>    Plaintiffs/Counterclaim<br>    Defendants,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant/Counterclaimant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 09-431-E-BLW<br><br><br><br>**STIPULATION AND<br>PROTECTIVE ORDER FOR<br>CONFIDENTIAL INFORMATION<br>PRODUCED IN DISCOVERY** |

Discovery in this action has required Plaintiffs Nu-West Mining, Inc., and Nu-West Industries, Inc., and Defendant United States of America (together "the Parties"), to produce documents containing information, such as confidential business information, legally protected from public disclosure, and information, such as information subject to the Privacy Act, that the Parties may be legally required to keep from public disclosure. To protect such material from public disclosure while allowing its production and use in this litigation, the Parties hereby Stipulate, and this Court hereby ORDERS that:

    1.    This Stipulation and Protective Order applies to confidential information subject to protection under Rule 26 of the Federal Rules of Civil Procedure and the judicial opinions interpreting that rule. This includes material subject to the Privacy Act, and material that a party reasonably believes will result in commercial harm if it is produced.

    2.    Any and all documents or information or other material described in Paragraph 1 that is produced by a party to this action may be clearly and prominently marked by the parties

to this action with the words "Confidential Business Information" or "Confidential: Subject to Protective Order." Once labeled, all such material shall be treated as "Confidential Material" according to the terms of this Stipulation and Protective Order.

3. Any Confidential Material that the Parties' attorneys or their experts or consultants choose to have photocopied, photographed, electronically scanned, or otherwise replicated, will be reproduced in such a manner that they contain the protective order notice information set forth in paragraph 2 above.

4. Any notes, recordings or data compilations made by persons other than the attorneys of record in this case (and their associated attorneys, paralegals and support staff) while reviewing the Confidential Material, which contain information regarding the Confidential Material, will be marked clearly with the marking noted in paragraph 2 above, and are subject to the same provisions as copies of the Confidential Material.

5. The Parties may disclose the other side's Confidential Material without Court approval only to the following: (1) the Court and its staff; (2) the attorneys of record in this action, and the attorneys, paralegals, and support staff assigned to work on this litigation; (3) testifying and non-testifying experts, consultants and other persons retained by the attorneys of record in this action for the purposes of this litigation; (4) witnesses whose depositions have been noticed or who have been designated as persons who will or may be called as witnesses at a hearing or trial in this litigation; and (5) officers, directors, or employees of Plaintiffs who have responsibility for the preparation and trial of this action or any appeal therein, or who assist counsel, or who have decision-making authority with regard to this action. Persons described in categories (3), (4) and (5) of the previous sentence may have access to the

Confidential Material, provided, however, that any such person receiving access to the Confidential Material shall, prior to receiving access, be advised of the terms and provided a copy of this Stipulation and Order, and shall execute a Confidentiality Agreement in the form attached hereto as Exhibit A. The executed Confidentiality Agreement shall be maintained by the counsel of record who obtained it. Copies of all executed Confidentiality Agreements shall be provided to opposing counsel in this litigation within thirty (30) days of a written request.

6. Any and all Confidential Materials filed with the Clerk of Court shall be filed under seal. Pleadings or other materials filed under seal shall be filed in a sealed envelope or other appropriate sealed container identifying this action by case name and civil action number and, stating the contents of the sealed envelope or container, and bearing the words: "CONFIDENTIAL MATERIAL—FILED UNDER SEAL" along with a statement substantially in the following form:

> This envelope or container contains confidential material subject to a Protective Order in this action, and is not to be opened, or the contents thereof displayed or revealed, except according to the terms of the that Protective Order.

7. It shall be the responsibility of the attorneys of record in this action to employ, consistent with this Protective Order, reasonable measures to control duplication of, access to, and distribution of any and all Confidential Material.

8. All individuals to whom documents or copies which are subject to this Protective Order are disclosed shall destroy or return to the disclosing party upon request any and all documents, copies, and notes covered by this Protective Order immediately upon the termination of this litigation, including all applicable appeals. The obligation to return or destroy upon request shall apply prior to the termination of this litigation when an individual or

entity is no longer a party or when an attorney or expert is no longer retained to work on this case, whichever comes earlier. Individuals returning or destroying documents, copies, and notes under any circumstance shall certify in writing that the documents, copies and notes have been returned or have been destroyed.

9. Either party may dispute a confidentiality designation made by the other party, by notifying that party in writing. Within 30 days of such notification (or any additional length of time agreed to by the Parties), the Parties shall discuss and attempt to resolve the dispute. If the Parties are unable to resolve their dispute within 30 days (or any additional length of time agreed to by the Parties), the party disputing the designation may file a motion with the Court challenging the designation.

10. This Stipulation and Order constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 522a(b)(11); The Magnuson-Stevens Act, 16 U.S.C. § 1881a(b)(1)(D); and the Health Insurance and Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (e)(1)(i).

11. Nothing in this Stipulation and Order shall modify this Court's earlier orders pertaining to discovery, including this Court's November 30, 2010, Order pertaining to electronically-stored information, or this Court's March 31, 2010 Order regarding discovery of paper documents, certain electronically stored information, and privileged materials.

3-28-2011
Date

FOR THE UNITED STATES:

*[signature]*

SEAN CARMAN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
601 D. St. NW
Washington, DC 20004
sean.carman@usdoj.gov
(202) 514-2746

FOR NU-WEST MINING, INC.,
and NU-WEST INDUSTRIES, INC. :

3/24/11
Date

_____
Jonathan W. Rauchway
Zach C Miller
Jerome A. DeHerrera
DAVIS GRAHAM & STUBBS LLP


_____
Jeffrey C. Fereday
Michael C. Creamer
GIVENS PURSLEY LLP

SO ORDERED this _____ day of _____, 2011

Date: **Mar 30, 2011**

B. LYNN WINMILL  
Chief District Judge  
United States District Court

_____  
B. Lynn Winmill  
Chief U.S. District Court Judge

# EXHIBIT A

Stipulation and Protective Order Confidentiality Agreement

The undersigned is currently employed or otherwise engaged as a consultant or contractor by the following company located at the following address:

_____

_____

_____

The undersigned hereby acknowledges that he/she has read the foregoing Stipulation and Protective Order (Protective Order) executed by the attorneys of record for the parties in the action presently pending in the United States District Court for the District of Idaho, Nu-West Mining, Inc. v. United States, No. 09-431 (D. Idaho).  The undersigned understands the terms of the Protective Order and agrees, upon threat of penalty of contempt, to be bound by such terms. The undersigned understands that disclosure of information which has been designated as confidential by the submitter of that information may cause substantial harm to the affected business' competitive position. Accordingly, among other responsibilities, the undersigned shall only share such information with persons specifically authorized to receive the information pursuant to the Protective Order, shall retain the information in a secure manner, and shall use such information only for the purposes authorized by the Protective Order. The undersigned understands that the pledge of confidentiality under this Agreement continues after the lawsuit is over. Furthermore, the undersigned understands that a breach of the Protective Order may subject him/her to civil claims for damages, criminal prosecution and/or penalties that the Court may impose for contempt.


Dated: _____

Signed: _____