IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NU-WEST MINING INC., NU-WEST INDUSTRIES, INC.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | NO. 4:CV-09-431-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it a Proposed Consent Decree filed by the Government and plaintiff Nu-West. The Decree was presented for public comment and the Government received comments from Huntsman Advanced Materials LLC and Wells Cargo, Inc. After taking those public comments into consideration, the Court finds that the Proposed Consent Decree should be approved for the reasons set forth below.

## ANALYSIS

In its complaint, plaintiff Nu-West seeks to impose on the Government the costs of cleaning up selenium contamination at four mine sites in the Caribou-Targhee National Forest. The Government counter-claimed that Nu-West was responsible for the costs under CERCLA.

On March 11, 2011, this Court granted partial summary judgment to Nu-West,

**Memorandum Decision - page 1**

holding that the Government is a potentially liable party (PRP) under CERCLA.  *See Memorandum Decision and Order (Dkt. 84)*.  Shortly thereafter, Nu-West stipulated that it was liable under CERCLA, leaving allocation of liability as the only remaining issue.

After engaging in negotiations, the parties agreed that Nu-West would pay 67% and the Government would pay 33% of all past and future CERCLA response costs associated with the mine sites.  This is the allocation set forth in the Proposed Consent Decree that is now before the Court for approval.

The Proposed Consent Decree also includes an agreed-upon dedication of funds obtained from other responsible entities, including $15.5 million recovered by the Government in the bankruptcy proceeding of Washington Group International (WGI).  With regard to the WGI funds, the Proposed Consent Decree would allocate the funds among the four mine sites to pay the future response costs of the Government and Nu-West.  While the total cost of cleaning up all four sites is not yet known, preliminary estimates are in the hundreds of millions of dollars.

The Government has also identified Huntsman and Wells Cargo as two other Potentially Responsible Parties (PRPs) for the clean-up costs at one of the mine sites, the North Maybe Mine Site.  Both of those entities are currently conducting clean-up operations on portions of that Mine Site.  In their public comments, they complained that the Proposed Consent Decree allocates the funds received from WGI solely to the response costs of Nu-West and the Government, leaving none available for Huntsman and Wells Cargo.

**Memorandum Decision - page 2**

Earlier, Huntsman and Wells Cargo had moved to intervene in this case. They were concerned that Nu-West and the Government might enter into a Consent Decree that barred contribution actions against Nu-West, a typical provision in most Consent Decrees. Such a provision would bar any action by Huntsman and Wells Cargo seeking contribution from Nu-West. To address that concern, the Government and Nu-West agreed to grant Huntsman and Wells Cargo an exception from the ban on contribution actions in the Proposed Consent Decree. Thereafter, Huntsman and Wells Cargo withdrew their motion to intervene. They are not parties to this case and are not parties to the Proposed Consent Decree.

During the public comment period, the only comments received by the Government were those summarized above from Huntsman and Wells Cargo.

## ANALYSIS

In evaluating the Proposed Consent Decree, the Court must examine whether it is procedurally and substantively fair, reasonable, in the public interest, and consistent with the polices of CERCLA. *United States v. Aerojet*, 606 F.3d 1142, 1152 (9th Cir. 2010). In this evaluation, the Court gives deference to the Government's evaluation of the proposal. *See United States v. Montrose Chemical Corp. of Cal.*, 50 F.3d 741, 746 (9th Cir. 1995). "The true measure of the deference due depends on the persuasive power of the agency's proposal and rationale." *Id.* at 746. The Court must "scrutinize" the settlement process to determine whether the proposed decree is both procedurally and substantially fair but should not second guess the judgment of the parties. *Id.* at 747.

**Memorandum Decision - page 3**

Rather, the court is to determine whether the settlement represents a reasonable compromise in light of the fact that one of CERCA's primary goals is encouraging early settlement and minimizing litigation.  *See* 42 U.S.C. § 9622(a).

The negotiation of the Proposed Consent Decree in this case appears to have been negotiated at arm's length, in good faith, by parties represented at all times by counsel. The public comments of Huntsman and Wells Cargo raise both fundamental fairness issues and legal issues.  With regard to the legal issues, both entities retain their right to bring contribution actions under this Proposed Consent Decree.  That is the proper forum to address the legal aspects of their concerns rather than through the public comment process – the Court would note that their public comments contains no citation to any legal authority.

To the extent their public comments raise a simple fairness issue, this is the proper forum to raise that challenge, but the Court can find no unfairness in the allocation of the WGI funds.  After all, it was the Government that incurred the expense of pursuing those funds in WGI's bankruptcy, and there is nothing about either the source or nature of those funds that compels a conclusion that Huntsman and Wells Cargo have some entitlement to them.  As discussed above, the Court must give deference to the decisions of the Government, and must recognize the goal of encouraging early settlement.  The Government's was entitled to allocate the WGI funds it obtained through its own efforts in a manner that would encourage the early settlement with Nu-West. Accordingly, the Court cannot find that the Proposed Consent Decree is unfair based on how it allocated

**Memorandum Decision - page 4**

the WGI funds.  The Court emphasizes that this conclusion is not based on a legal analysis, and Huntsman and Wells Cargo remain free to raise any legal issues in a contribution action.

In conclusion, the Court finds the Proposed Consent Decree to be procedurally and substantively fair, reasonable, in the public interest, and consistent with the polices of CERCLA.  Accordingly, it will grant the Government's motion for settlement and enter the Consent Decree.  Because these rulings end this case, the Court will enter them in a separate Judgment as required by Fed.R.Civ.P. 58(a).

DATED:  **March 6, 2013**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision - page 5**